**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| ROLAND ADAMS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:09-CV-149 CDL |
| | : | |
| ERIC HOLDER, *et al.,* | : | 28 U.S.C. § 2241 |
| | : | Habeas Corpus Petition |
| Respondent. | : | |

**ORDER**

On December 3, 2009, Petitioner Adams, who is currently incarcerated in the Stewart Detention Center, filed the current habeas corpus petition pursuant to 28 U.S.C. § 2241. On February 16, 2010, Respondents filed a pre-answer Motion to Dismiss and a Memorandum in support of same. Petitioner was notified of the pending motion to dismiss and filed a response on March 1, 2010. The Magistrate Judge issue a Report and Recommendation to dismiss the action on April 1, 2010. Petitioner subsequently filed his objections to the Report and Recommendation. Having considered the Magistrate Judge's Report and Recommendation and Petitioner's objections to it and having reviewed the record *de novo,* the Court adopts the Magistrate Judge's recommendation that the petition be dismissed. However, the Court does not adopt all of the Magistrate Judge's rationale, and therefore, enters the final order setting out the facts and legal conclusions supporting the Court's dismissal of the petition.

**FINDINGS OF FACT**

1.  Petitioner is currently detained by the Immigration and Custom Enforcement (ICE) at the Stewart Detention Center in Lumpkin, Georgia. (R-1).

2.  In April of 1995, Petitioner became a lawful permanent resident. (R-11-2). On May 31, 2001, Petitioner became a naturalized U.S. citizen, but the Certificate of Naturalization was thereafter cancelled by the District Court of California on March 11, 2005. (R-11-2, Exh. D).

3.      On April 14, 2004, Petitioner was convicted of unlawful procurement of naturalization and making a false statement in the United States District Court, Eastern District of California, and sentenced to a combined period of confinement of 97 months.[1]

4.      Petitioner thereafter pled guilty in the same court to conspiracy to commit mail and wire fraud and conspiracy to launder money.[2]  Petitioner was sentenced to serve 60 months for conspiracy to commit mail fraud and 97 months for conspiracy to commit money laundering, both to be served concurrently with the sentence imposed in the previous case. *Id.* Petitioner was further ordered to pay restitution in the amount of $1,201,092.90.  *Id.*

5.      On July 2, 2009, Petitioner was taken into custody by the United States Immigration and Customs Enforcement. (R-1).

6.      On the same date, a Notice to Appear was filed in Petitioner's case with the Executive Office of Immigration Review in Atlanta, Georgia. (R-2).  The Notice to Appear alleged that Petitioner was subject to removal from the United States because he was an alien convicted of an aggravated felony. *Id.*

7.       On September 21, 2009, Petitioner was served with Form I-261, Additional Charges of Inadmissability/ Deportability. (R-11-2, Exh. J).

8.      On December 3, 2009, Petitioner filed the current petition for Writ of Habeas Corpus. (R-1).

9.      On January 12, 2010, Petitioner appeared before an Immigration Judge at the Stewart County Detention Center.  (R-11-2, Exh. L).

## LEGAL STANDARD

The standard for a Motion to Dismiss was altered by the United States Supreme Court case of *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), which overturned the fifty year old test of "no set of facts" established in *Conley v. Gibson*, 127 S. Ct. 1969 (1957).  *Twombly*, 127 S. Ct. at 1969.  The Court of Appeals for the Eleventh Circuit addressed the new standard in *Financial Sec. Assur., Inc. v. Stephens, Inc.*, stating:

In order for a plaintiff to satisfy his "obligation to provide the grounds of entitlement

---

[1]USDC, Eastern District of California, Case Number 02-CR-00560.

[2]USDC, Eastern District of California, Case Number 02-CR-00257.

to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65, 167 L.Ed. 2d 929 (May 21, 2007) (citations and quotations omitted). Stated differently, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief," 127 S. Ct. at 1966-67. Moreover, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of the claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir., Unit A Sept. 8, 1981)).

500 F.3d 1276, 1282-83 (11th Cir. 2007). In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the analysis "is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997). The Court must "constru[e] the complaint in the light most favorable to the plaintiff and accept [] as true all facts which the plaintiff alleges." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). Nevertheless, if a complaint does not include sufficient factual allegations "to raise a right of relief above the speculative level" and "to raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claim or claims, then the complaint must be dismissed. *Watts v. Fla. Int'l Univ,* 495 F.3d 1289, 1295-96 (11th Cir. 2007) (citing *Twombly*, 127 S. Ct. at 1965).

## DISCUSSION

In his Application, the Petitioner argues that he is a former native of Nigeria who is currently stateless. (R-1). Petitioner contends that he has been wrongfully subjected to removal proceedings by the Department of Homeland Security, Immigration and Custom Enforcement (ICE). *Id.* Specifically, Petitioner contends that he was not served with the Notice to Appear following his detention by ICE. (R-1, p. 11). Petitioner further states that he "has a substantial due process right not to be detained while his direct appeal is pending and on the basis of convictions for which he cannot be deported." (R-1, p. 17). Petitioner, therefore, requests that his writ of habeas corpus be

granted and that he be released.  *Id*.

## Application of the Law

Section 236 of the INA, codified at 8 U.S.C. § 1226, governs the detention of aliens who are not under an administratively final order of removal.  Specifically, INA § 236 (c)) provides for the mandatory detention of criminal aliens who have been convicted of aggravated felonies.   In this case, Petitioner, an alien who is not under an administratively final order of removal, has been convicted of aggravated felonies as well as a crime involving moral turpitude, committed within five years of his admission into this country.  He is, therefore, subject to the mandatory custody provision of 8 U.S.C. § 1226.

The United States Supreme Court has upheld the validity of mandatory detention of aliens during removal proceedings.   In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court flatly rejected a detained alien's constitutional attack on the validity of section 236(c) of the Act, which provides for the mandatory detention (without a bond hearing) of certain criminal aliens. The alien in *Kim* was a lawful permanent resident, who complained that section 236(c) violates the Due Process Clause of the Fifth Amendment because it requires detention without an administrative determination that the alien is a danger to society or a flight risk. *Id*. at 514.  The Supreme Court squarely held that section 236(c) is valid. *Id*. at 531. "Detention during removal proceedings is a constitutionally permissible part of that process." *Id*. The Court noted that, while the Fifth Amendment entitles aliens to the protection of due process in deportation proceedings,

> [the] Court has recognized detention during deportation proceedings as a
> constitutionally valid aspect of the deportation process. As [the Court] said more
> than a century ago, deportation proceedings "would be vain if those accused could
> not be held in custody pending the inquiry into their true character."

*Kim*, 538 U.S. at 523 (quoting *Wong Wing v. United States*, 163 U.S. 228, 235 (1896)). As the Court

explained, "Such detention necessarily serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Id.* at 528. Therefore, Petitioner has failed to state a cognizable claim for habeas corpus relief.

Additionally, pursuant to the Immigration and Naturalization Act codified at 8 U.S.C. § 1252(d)(1), this court's review of a removal order is limited in that the court may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." *Taylor v. United States*, 396 F.3d 1322, 1327 (11th Cir. 2005).   The Eleventh Circuit Court of Appeals has further held that the exhaustion requirement extends to habeas proceedings. *Sundar v. INS*, 328 F.3d 1320, 1322-1324 (11th Cir.2003).  In this case, Petitioner has obviously not exhausted his available administrative remedies.  There has been no final order of removal entered in this case from which he could have so exhausted.  Petitioner's application for habeas relief is, therefore, premature.

Furthermore, as to Petitioner's contention that his detention is unlawful due to the government's failure to serve him with the NTA on July 2, 2009, and his claim that his detention was unlawful because his felony conviction was still on appeal, it is found that this court lacks jurisdiction to review his claims.  Pursuant to the REAL ID Act of 2005, there is a limit on district court jurisdiction over orders of removal.  *See* 8 U.S.C. § 1252(a)(5) (a petition for review shall be the "sole and exclusive means for judicial review of an order of removal").  The provisions of the REAL ID Act preclude district courts from reviewing all final orders of removal of criminal and non-criminal aliens, including citizenship claims.  *See* 8 U.S.C. § 1252(b)(5) (vesting exclusive jurisdiction in the courts of appeals to review claims to citizenship made in the context of removal

proceedings).  The REAL ID Act clearly states that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order [by the relevant court of appeals] under this section."  8 U.S.C. § 1252(b)(9).

WHEREFORE, IT IS ORDERED that Respondent's Motion to Dismiss be GRANTED and Petitioner's Application for writ of habeas corpus be DISMISSED  without prejudicing his right to file a new § 2241 petition in the future if a change in circumstances enable Petitioner to state a claim upon which habeas relief can be granted.

SO ORDERED, this 16th day of April, 2010.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE